# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50427
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ARMANDO TORRES-RIVERA, also known as Armando Rivera-Torres,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1390-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:*

Luis Armando Torres-Rivera challenges his 36-month above-guideline sentence imposed following his guilty-plea conviction to illegal reentry following deportation. Torres contends that his sentence was substantively unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50427

We review objections to the substantive reasonableness of a sentence under a deferential abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). When the district court has imposed a sentence that varies from the guidelines range, reasonableness review requires that we evaluate whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth in § 3553(a). *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The record indicates that the district court properly considered the arguments of counsel in mitigation of sentence and the § 3553(a) factors. Contrary to Torres's assertion, nothing in the record indicates that the district court ignored counsel's mitigation arguments. The court specifically stated that it had taken into account the allocution of the parties, as well as the factual information contained within the presentence report. Further, the 36-month sentence reflected Torres's history and characteristics, the need to promote respect for the law, and the need to protect the public and deter future crimes. The sentence imposed was reasonable under the totality of the circumstances, s*ee United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008), and the district court did not abuse its discretion in weighing the § 3553(a) factors, *see United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). The sentence was nine months above the top of the advisory guidelines sentencing range. We have upheld variances considerably greater than the increase to Torres's sentence. *E.g., Brantley*, 537 F.3d at 349-50; *United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008).

AFFIRMED.